UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY AUSAMA | § | C.A. NO. |
| | § | |
| VS. | § | |
| | § | |
| ARENA OFFSHORE, LP, | § | |
| ARENA OFFSHORE OPERATING, LLC, | § | |
| C & G BOATS, INC. and | § | |
| *MS. EMELIE ROSE, IN REM* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Terry Ausama ("Plaintiff"), complaining of Defendants Arena Offshore, LP, Arena Offshore Operating, LLC, C & G Boats, Inc., and *Ms. Emelie Rose, in rem*, and for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1    Plaintiff Terry Ausama, is a U.S. citizen and resident of Louisiana.

1.2    Defendant Arena Offshore, LP, is a Delaware limited partnership with its principal place of business in The Woodlands, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

1.3    Defendant Arena Offshore Operating, LLC, is a Delaware limited liability company with its principal place of business in The Woodlands, Texas, doing business in this

District, Division, and the State of Texas for the purpose of accumulating monetary profit, and may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

      1.4    Defendant C & G Boats, Inc., is a foreign corporation, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit, but does not maintain a designated agent upon whom service of process may be had for causes of action arising out of such business done in the State of Texas. For these reasons, service of process is to be made pursuant to Tex.Civ.Prac. & Rem Code § 17.044 by serving the Secretary of State of Texas as agent for Defendant C & G Boats, Inc.  This suit arises out of this Defendant's business contacts in this State and therefore the Secretary of State of Texas may act as this Defendant's agent upon whom service of process may be had in this action. The Secretary of State is requested to forward a copy of this Complaint, along with Summons, by certified mail, return receipt requested, to Defendant C & G Boats, Inc., at its home office, 1216 South Bayou Drive, Golden Meadow, Louisiana 70357.

      1.5    Defendant *Ms. Emelie Rose* (IMO 9260794) is an offshore supply vessel owned and operated by Defendant C & G Boats, Inc., the vessel involved in the incident complained of herein.

## II.  JURISDICTION

2.1     This Court has admiralty jurisdiction over this matter pursuant to 28 U.S.C. §

1333 as Plaintiff's claims arise under the general maritime law.  Additionally this Court has federal

question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff's claims may also

arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq.*

## III.  VENUE

3.1     Venue is proper in this matter pursuant to the admiralty and maritime laws of the

United States, Rule 82 Fed. R. Civ. P.

3.2     Venue is proper in this OCSLA action pursuant to 28 U.S.C.  §1391, as one or

more defendant resides in this District.

## IV. FACTS

4.1     At all times relevant hereto, Plaintiff was employed by Performance Energy, working

as a welder on the Arena Defendants' South Timbalier platform in the Gulf of Mexico.

4.2     At all times relevant hereto, the *Ms. Emelie Rose* ("Vessel") was an offshore supply

vessel owned and operated by Defendant C & G Boats, Inc., a vessel servicing the Arena

Defendants' platform, a vessel operating on navigable waters.

4.3     On or about December 16, 2018, Plaintiff was performing a swing transfer from

the platform to the Vessel, at which time the Vessel moved, causing Plaintiff to hit the edge

of the boat, handrail and other equipment, resulting in Plaintiff sustaining severe and

disabling personal injuries.

## V.  DEFENDANTS' NEGLIGENCE AND/OR GROSS NEGLIGENCE

5.1     As stated above, on or about December 16, 2018, Plaintiff was injured during a swing transfer from the platform to the Vessel.

5.2     Defendant C & G Boats, Inc., is liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through the Vessel and/or her agents, representatives and/or employees, in one or more of the following particulars:

(a)     failing to maintain adequate communication with the platform during the transfer;

(b)     failing to maintain the vessel in a steady and proper manner during the transfer;

(c)     failing to maintain the vessel and her appurtenances and/or equipment in a safe and reasonable state of repair;

(d)     failing to take reasonable precautions for Plaintiff's safety;

(e)     other acts deemed negligent, particulars to be shown at trial of this cause.

5.3     Defendants Arena Offshore, LP and Arena Offshore Operating, LLC ("Arena Defendants") are liable for the subject accident and Plaintiff's injuries and damages by reason of their negligence, gross negligence, and/or conditions attributable to them, directly and/or vicariously, by and through their agents, representatives and/or employees in one or more of the following particulars:

(a)     failing to provide an adequate and safe means of egress from the platform;

4

(b)     failing to maintain adequate communication with the vessel during transfer;

(c)     failing to provide a reasonably safe place to work;

(d)     failing to warn Plaintiff of known and/or existing hazards; and

(e)     other acts so deemed negligent, particulars to be shown at trial of this cause.

5.4     As a result of all Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustained monetary and financial loss occasioned by said lost time from work.  Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging  in his usual occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.5     Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.6     In addition to the above negligent acts, Defendants acted willfully, and with malice, or recklessness, in doing the things alleged, and were grossly negligent in the aforementioned particulars.

5.7     Defendants had actual, subjective, awareness of the risks involved in this personnel basket transfer but nevertheless proceeded in conscious indifference to the rights, safety, and welfare of Plaintiff.

5.8     Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence and/or gross negligence of Defendants.

## VI.  DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

(a)     physical disability sustained by Plaintiff from the date of injury to the time of trial;

(b)     future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

(c)     physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

(d)     physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)     loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement;

(j)     past and future physical impairment;

(k)     loss of enjoyment of life; and

(l)     punitive damages.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.  JURY DEMAND

8.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a)     that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; punitive damages; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Marcus R. Spagnoletti*
Marcus R. Spagnoletti
SBN 24076708 / SDTX 1139660
marcus@spaglaw.com
SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:   713-653-5600
Facsimile:   713-653-5656

**ATTORNEY FOR PLAINTIFF**