UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **TERRY AUSAMA** | § § § | C.A. NO. 3:19-cv-00015 |
| vs. | § § § | |
| **ARENA OFFSHORE, LP, AND ARENA OFFSHORE OPERATING, LLC** | § § | **JURY TRIAL DEMANDED** |

**ANSWER, DEFENSES AND JURY DEMAND OF DEFENDANTS
ARENA OFFSHORE, LP AND ARENA OFFSHORE OPERATING, LLC
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Arena Offshore, LP and Arena Offshore Operating, LLC (collectively "Arena Offshore") file this Answer and Defenses to Plaintiff's First Amended Complaint (Dkt. #17) and would respectfully show unto the Court as follows:

**FIRST DEFENSE**

Plaintiff's First Amended Complaint fails to state a claim against Arena Offshore upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND DEFENSE**

Without waiving the foregoing defenses, Arena Offshore responds to the allegations of Plaintiff's First Amended Complaint as follows:

I.

Paragraph 1.1 contains jurisdictional allegations requiring no response by Arena Offshore. The extent any response is required, Arena Offshore denies those allegations for lack of sufficient information to justify a belief therein.

With respect to Paragraph 1.2, Arena Offshore admits Arena Offshore, LP is a Delaware limited partnership with its principal place of business in The Woodlands, Texas. The remaining allegations in Paragraph 1.2 contain conclusions of law and mixed statements of law and fact which require no further response. To the extent any response is necessary, Arena Offshore denies the remaining allegations of Paragraph 1.2.

With respect to Paragraph 1.3, Arena Offshore admits Arena Offshore Operating, LLC is a Delaware limited liability company with its principal place of business in The Woodlands, Texas. The remaining allegations in Paragraph 1.3 contain conclusions of law and mixed statements of law and fact which require no further response. To the extent any response is necessary, Arena Offshore denies the remaining allegations of Paragraph 1.3.

II.

Arena Offshore admits this Court has jurisdiction pursuant to 28 U.S.C. §1331.

III.

Arena Offshore admits venue is proper in the Southern District of Texas.

IV.

Arena Offshore admits Plaintiff claims he was employed by Performance Energy as alleged in Paragraph 4.1. Arena Offshore denies the remaining allegations of Paragraph 4.1.

Arena Offshore denies the allegations of Paragraph 4.2 for lack of sufficient information to justify a belief therein.

Arena Offshore denies the allegations of Paragraph 4.3.

V.

Arena Offshore denies the allegations of Paragraph 5.1.

Arena Offshore denies the allegations of Paragraph 5.2, and all subparts.

Arena Offshore denies the allegations of Paragraph 5.3.

Arena Offshore denies the allegations of Paragraph 5.4.

Arena Offshore denies the allegations of Paragraph 5.5.

VI.

Arena Offshore denies the allegations of Paragraph 6.1.

Arena Offshore denies the allegations of Paragraph 6.2, and all subparts.

VII.

Arena Offshore denies the allegations of Paragraph 7.1.

VIII.

Arena Offshore admits Plaintiff demands a jury trial.

### THIRD DEFENSE

And now, further answering, Arena Offshore denies the allegations of any unnumbered or mis-numbered paragraphs and any allegations contained within Plaintiff's First Amended Complaint that have not been addressed, expressly including those allegations contained within the Prayer for Relief. Arena Offshore specifically denies any liability to Plaintiff.

### FOURTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends it is a statutory employer entitled to the full protections

afforded by the Louisiana Workers' Compensation Act (La. R.S. 23:1021 *et seq.*) and, therefore, Plaintiff is barred from recovering any damages from Arena Offshore because his sole and exclusive remedy lies in the defined benefit scheme pursuant to the Louisiana Workers' Compensation Act (La. R.S. 23:1021 *et seq.*).

### FIFTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends it does not owe, nor did it previously owe, any duty of care whatsoever to Plaintiff under the Outer Continental Shelf Lands Act, 43 U.S.C. §1331 *et seq.*, or under any other federal or state statute, or under the common law or laws of any state, including, but not limited to, the laws of the State of Louisiana. Arena Offshore specifically invokes the independent contractor defense.

### SIXTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the injuries and/or damages of which Plaintiff complains, if any, were proximately caused or contributed to be caused, in whole or in part, by negligence attributable to Plaintiff, which precludes any recovery by Plaintiff against Arena Offshore or, alternatively, reduces any such recovery. Arena Offshore specifically invokes the doctrines of contributory negligence and comparative fault.

### SEVENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore affirmatively avers that, in the event it is found Plaintiff sustained damages as a result of the negligence or fault of Arena Offshore and/or anyone for whom Arena

Offshore could or might be responsible, or as the result of any condition for which Arena Offshore could or might be responsible, all of which is not admitted but specifically denied, Arena Offshore maintains that Plaintiff's own negligence and/or fault caused and/or contributed to such damages in the following non-exclusive particulars:

1. Failing to exercise due care and act with ordinary prudence under the circumstances;
2. Failing to act like a reasonable person under similar circumstances;
3. Failing to comply with accepted and customary industry practices;
4. Disregarding his own experience, training, and/or education;
5. Acting in a careless and reckless manner with regard to his own safety and well-being, particularly by failing to inspect the work-area prior to commencement of operations;
6. Placing himself in a zone of danger which was unnecessary and unwarranted under the circumstances; and
7. Other acts and/or omissions which may be established throughout discovery and/or trial of this matter.

### EIGHTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends that Plaintiff's negligent conduct was the sole producing and sole proximate cause of his alleged injuries, if any, and that Arena Offshore's conduct was not a contributing cause of Plaintiff's alleged injuries, if any.

### NINTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the injuries and/or damage of which Plaintiff complains, if any, were entirely and solely caused by the acts or omissions of third parties for which Arena Offshore has no control or right of control, which precludes any recovery by Plaintiff against Arena Offshore or, alternatively, reduces any such recovery.

**TENTH DEFENSE**

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the injuries and/or damages of which Plaintiff complains, if any, arose as a result of pre-existing and/or subsequently developing physical and/or mental conditions, which were neither caused nor aggravated by any act or omission of Arena Offshore.

**ELEVENTH DEFENSE**

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends Plaintiff negligently failed and/or refused to engage in conduct in mitigation of the injuries and/or damages, if any, sustained by and occurring in the alleged incident made the basis of this litigation, if any.

**TWELFTH DEFENSE**

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the injuries and/or damages of which Plaintiff complains, if any, were the result of an Act of God or, alternatively, were the result of an unavoidable accident.

**THIRTEENTH DEFENSE**

Pleading further for a separate and complete defense and in the alternative, Arena Offshore affirmatively avers that the damages alleged by Plaintiff, should any exist, which is not admitted but specifically denied, were not caused by any condition of any premises and/or by negligence or fault of Arena Offshore, its employees, agents, or other persons for whom it may be responsible, but instead were caused by the usual and

customary risks, dangers and/or hazards of a person in Plaintiff's occupation, all of which were open/obvious, about which Plaintiff had actual knowledge or reasonably should have known, and were knowingly/voluntarily assumed by Plaintiff, all of which bar any recovery by Plaintiff against Arena Offshore or, alternatively, operates in mitigation of any such recovery.

## FOURTEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, and to the extent Plaintiff's First Amended Complaint asserts a claim for recovery based upon an alleged ruin or defect of a building or premises, Arena Offshore alleges and contends that it neither knew or, in the exercise of reasonable care should have known, of any alleged ruin or defect and, assuming that such ruin or defect did exist, which Arena Offshore specifically denies, such alleged ruin or defect could not have been prevented by the exercise of reasonable care. Arena Offshore further alleges and contends that, to the extent any such alleged ruin or defect did exist, which Arena Offshore specifically denies, then Plaintiff's claims should be barred, in whole or in part, inasmuch as such alleged ruin or defect was open and obvious.

## FIFTEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Defendant Arena Offshore Operating, LLC alleges and contends it is not liable in the capacity in which it has been sued. In particular, Arena Offshore Operating, LLC neither (i) has, nor had at any time relevant hereto, any ownership or operational control over the

Platform; nor (ii) employed any personnel on the Platform and/or owned or operated any equipment on the Platform.

## SIXTEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the injuries and/or damages of which Plaintiff complains, if any, were proximately caused or contributed to be caused, in whole or in part, by a prior, superseding and/or intervening event other than that alleged by Plaintiff.

## SEVENTEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends Plaintiff has wholly failed to show the alleged injuries from which he now suffers, if any, are in any way related to his service on the Platform or premises at issue or the alleged incident made the basis of this litigation so as to either establish causation under the applicable law.

## EIGHTEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends the damages sought by Plaintiff concerning medical or healthcare expenses, if any, must be limited to the amount actually paid or incurred by or on behalf of Plaintiff, if any.

## NINETEENTH DEFENSE

Pleading further for a separate and complete defense and in the alternative, Arena Offshore alleges and contends it is entitled to set-off and credit available through the application of the laws of the United States and/or the laws of the State of Louisiana,

including but not limited to (i) payments or benefits received by Plaintiff, including but not limited to Longshore and Harbor Workers' Compensation, State Workers' Compensation and/or disability benefits, for the alleged injuries, if any, giving rise to Plaintiff's claim; and/or (ii) any settlement received by Plaintiff for all or part of his alleged claim, whether from any other person(s) or entity(ies).

### TWENTIETH DEFENSE

Arena Offshore affirmatively avers that, at all times pertinent hereto, it acted reasonably and prudently under the circumstances and complied with all applicable state and federal laws and regulations.

### TWENTY FIRST DEFENSE

Arena Offshore respectfully pleads any and all other defenses and/or affirmative defenses available to it under applicable law and reserves the right to supplement and/or amend this answer to assert any additional affirmative defenses as may hereinafter be appropriate.

### JURY DEMAND

Arena Offshore requests a trial by jury on all issues in this matter.

### CONCLUSION & PRAYER

For these reasons, Defendants Arena Offshore, LP and Arena Offshore Operating, LLC pray that, after due proceedings occur, there be judgment herein in favor of Defendants and against Plaintiff Terry Ausama, dismissing Plaintiff's First Amended Complaint with prejudice at Plaintiff's costs, and that it be granted such other and further relief, whether at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

MUNSCH HARDT KOPF & HARR, P.C.

By: */s/ Kenneth W. Bullock, II*
    Kenneth W. Bullock, II
    State Bar of Texas No. 24055227
    Tiffany A. Harrod
    State Bar of Texas No. 24059939
700 Milam, 27th Floor
Houston, Texas 77002
Telephone:   (713) 222-1470
Facsimile:   (713) 222-1475
kbullock@munsch.com
tharrod@munsch.com

**ATTORNEYS FOR DEFENDANTS
ARENA OFFSHORE, LP AND
ARENA OFFSHORE OPERATING, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on March 29, 2019, I presented the foregoing document to the Clerk of the Court for filing and uploading to the CM/ECF system, which will send notification of such filing to all counsel of record, and hereby certify I have served a copy of the foregoing to any known non-CM/ECF participants identified below, if any.

                            */s/ Kenneth W. Bullock, II*
                            Kenneth W. Bullock, II

4851-8941-8383v.1