UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TERRY AUSAMA | § | C.A. NO.  3:19-cv-00015 |
| | § | |
| VS. | § | |
| | § | |
| ARENA OFFSHORE, LP, ET AL | § | JURY TRIAL DEMANDED |

### PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Plaintiff Terry Ausama ("Plaintiff"), complaining of Defendants Arena Offshore, LP, Arena Offshore Operating, LLC, and Danos L.L.C., and for cause of action, would respectfully show this Honorable Court as follows:

### I.  PARTIES

1.1   Plaintiff Terry Ausama, is a U.S. citizen and resident of Louisiana.

1.2   Defendant Arena Offshore, LP, is a Delaware limited partnership with its principal place of business in The Woodlands, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit. This Defendant has appeared herein.

1.3   Defendant Arena Offshore Operating, LLC, is a Delaware limited liability company with its principal place of business in The Woodlands, Texas, doing business in this District, Division, and the State of Texas for the purpose of accumulating monetary profit.  This Defendant has appeared herein.

1.4     Defendant Danos, L.L.C., is a Louisiana limited liability company with a principal place of business in Houston, Texas, doing business in this District, Division, and the state of Texas for the purpose of accumulating monetary profit, and may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

## II.  JURISDICTION

2.1     This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Plaintiff's claims may also arise under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C.A. § 1301, *et seq.*

## III.  VENUE

3.1     Venue is proper in this OCSLA action pursuant to 28 U.S.C. §1391, as Defendant resides in this District.

## IV.  FACTS

4.1     At all times relevant hereto, Plaintiff was employed by Performance Energy, working as a welder on Arena's South Timbalier platform in the Gulf of Mexico.

4.2     At all times relevant hereto, the *Ms. Emelie Rose* ("Vessel") was an offshore supply vessel servicing Arena's platform, a vessel operating on navigable waters.

4.3     On or about December 16, 2018, Plaintiff was performing a swing transfer from the Arena platform to the Vessel, resulting in Plaintiff sustaining severe and disabling

2

personal injuries. Danos provided the person in charge on the Platform at the time of the incident.

## V. DEFENDANTS' NEGLIGENCE

5.1   As stated above, on or about December 16, 2018, Plaintiff was injured during a swing transfer from the Arena platform to the Vessel.

5.2   Defendants are liable for the subject accident and Plaintiff's injuries and damages by reason of its negligence, and/or conditions attributable to them, directly and/or vicariously, by and through its agents, representatives and/or employees in one or more of the following particulars:

(a)   failing to provide an adequate and safe means of egress from the platform;

(b)   failing to maintain adequate communication with the vessel during transfer;

(c)   failing to provide a reasonably safe place to work;

(d)   failing to warn Plaintiff of known and/or existing hazards; and

(e)   other acts so deemed negligent, particulars to be shown at trial of this cause.

5.3   As a result of Defendants' actions and/or inactions, Plaintiff has been caused to endure considerable pain and suffering, and as a result thereof, was obliged to obtain medical care and treatment, caused to lose time from his employment, and sustained monetary and financial loss occasioned by said lost time from work. Plaintiff has been prevented, and in all likelihood will continue to be prevented, from engaging in his usual

3

occupations, pastimes and pursuits which he would have engaged in but for the injury aforementioned.

5.4     Plaintiff would show that each of the foregoing, individually or collectively, constituted negligence, which was a proximate cause of his injuries and damages complained of herein.

5.5     Plaintiff's injuries were not culminated by any contributing fault of his own, but solely the negligence of Arena.

## VI. DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     As a result of these occurrences and negligent acts, Plaintiff sustained severe and permanent injuries to his body. In addition to the expenses incurred by him and incapacity to labor caused by his injuries, he has been put to much expense for medical treatment; such expense is still continuing and he is unable to state the full amount thereof.

6.2     Categorical damages which Plaintiff seeks to recover from Defendants include compensation for the following:

    (a)  physical disability sustained by Plaintiff from the date of injury to the time of trial;

    (b)  future physical disability reasonably anticipated to be sustained by Plaintiff in the future;

    (c)  physical pain and suffering and mental anguish sustained by Plaintiff from the date of injury to time of trial;

    (d)  physical pain and suffering and mental anguish which is reasonably anticipated to be suffered by Plaintiff in the future;

(e)     loss or earnings sustained by Plaintiff from the date of injury to time of trial;

(f)     loss of earning capacity reasonably anticipated to be suffered by Plaintiff in the future;

(g)     reasonable and necessary medical expenses incurred by Plaintiff in the treatment of Plaintiff's injuries from the date of injury to time of trial;

(h)     reasonable and necessary medical expenses reasonably anticipated to be sustained by Plaintiff in the future for treatment of Plaintiff's injuries;

(i)     past and future physical disfigurement;

(j)     past and future physical impairment; and

(k)     loss of enjoyment of life.

## VII. INTEREST

7.1     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII. JURY DEMAND

8.1     Plaintiff demands a trial by jury herein.

WHEREFORE, Plaintiff prays:

(a)     that process in due form of law according to the practice of this Honorable Court issue against Defendants summoning them to appear and answer, all and singular, the matters aforesaid;

(b)     that a judgment may be entered in favor of Plaintiff against Defendants, jointly and severally, for the amount of his claims to be determined, including for actual damages in an amount exceeding the jurisdictional limits of this Court; prejudgment and postjudgment interest; attorney's fees; costs of suit; and

(c)     for such other and further relief as the Court and justice may deem just and appropriate under the circumstances of the cause, and to which Plaintiff is entitled.

Respectfully submitted,

*/s/ Eric J. Rhine*
Eric J. Rhine
SBN 24060485 / SDTX 1786163
erhine@spaglaw.com
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656

**OF COUNSEL**:

SPAGNOLETTI LAW FIRM
401 Louisiana Street, 8th Floor
Houston, Texas 77002
Telephone:    713-653-5600
Facsimile:     713-653-5656

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was automatically accomplished on all counsel of record through CM/ECF Notice of Electronic Filing, in accordance with the Federal Rules of Civil Procedure on this 7th day of October, 2019.

*/s/ Eric J. Rhine*
Eric J. Rhine