UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

TERRY AUSAMA                 *       CIVIL ACTION NO. 3:19-cv-00015

VERSUS                     *

ARENA OFFSHORE, LP, *et al.*      *       JURY TRIAL DEMANDED

\*     \*     \*     \*     \*     \*     \*

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Danos, L.L.C. ("Danos"), and for its answer to Plaintiff's Second Amended Complaint, avers upon information and belief as follows:

### FIRST DEFENSE

The Second Amended Complaint fails to state a claim against Danos upon which relief can be granted.

### SECOND DEFENSE

The claims of plaintiff against Danos are barred by the borrowed servant doctrine, the statutory employer doctrine, the dual contract doctrine, and/or as co-employees under the applicable workers compensation statutes.

### THIRD DEFENSE

Venue in this Court is improper and/or this Court is an inconvenient forum for this matter, which should be transferred on grounds of *forum non conveniens*.

### FOURTH DEFENSE

AND NOW ANSWERING the particular allegations of the Second Amended Complaint, Danos avers as follows:

I.

Danos denies the allegations of subparagraphs 1.1 through 1.3 of paragraph I of the Second Amended Complaint which pertain to other parties for lack of knowledge or information sufficient to form a belief in the truth thereof.

Danos admits it is a Louisiana limited liability company doing business in the state of Texas with an appointed agent for service of process as set forth in subparagraph 1.4.  Except as specifically admitted, Danos denies the truth of the allegations of paragraph I of the Second Amended Complaint which pertain to it.

II.

Danos submits paragraph II contains statements of law which do not require answer on its part.  Should this Honorable Court require an answer, Danos admits the truth of the allegations of paragraph II of the Second Amended Complaint.

III.

Danos submits paragraph III contains statements of law which do not require answer on its part.  Should this Honorable Court require an answer, Danos denies the truth of the allegations of paragraph III of the Second Amended Complaint.  Danos submits venue in this district in improper for the claims against it.

IV.

Danos admits the truth of the allegations subparagraph 4.1 of paragraph IV of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 4.2 of paragraph IV of the Second Amended Complaint for lack of knowledge or information sufficient to form a belief in the truth thereof.

Danos denies the truth of the allegations subparagraph 4.3 of paragraph IV of the Second Amended Complaint.

V.

Danos denies the truth of the allegations subparagraph 5.1 of paragraph V of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 5.2 of paragraph V of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 5.3 of paragraph V of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 5.4 of paragraph V of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 5.5 of paragraph V of the Second Amended Complaint.

VI.

Danos denies the truth of the allegations subparagraph 6.1 of paragraph VI of the Second Amended Complaint.

Danos denies the truth of the allegations subparagraph 6.2 of paragraph VI of the Second Amended Complaint.

VII.

Danos submits paragraph VII contains statements of law which do not require answer on its part.  Should this Honorable Court require an answer, Danos denies the truth of the allegations of paragraph VII of the Second Amended Complaint.

VIII.

Danos submits paragraph VIII contains statements of law which do not require answer on its part.  Should this Honorable Court require an answer, Danos denies that plaintiff is entitled to trial by jury as asserted in paragraph VIII of the Second Amended Complaint.

FIFTH DEFENSE

AND NOW FURTHER answering, Danos avers in the alternative that the damages alleged by plaintiff, if any exist, which is specifically denied, were caused solely by the fault and negligence of plaintiff, or others for whom Danos has no responsibility, which precludes and bars plaintiff's recovery herein.

SIXTH DEFENSE

AND NOW FURTHER answering, Danos avers in the alternative that, if it is found that the plaintiff suffered damages as a result of the negligence of anyone for whom Danos could or might be responsible, or because of the condition of any vessel or equipment for which Danos was responsible, all of which is specifically denied, the damages of plaintiff were also caused by and/or contributed to by and/or aggravated by plaintiff's own negligence, and/or the negligence of others for whom Danos is not responsible, and Danos is entitled to have any award or recovery mitigated and reduced accordingly.

4

<u>SEVENTH DEFENSE</u>

AND NOW FURTHER answering, Danos avers that if plaintiff sustained any injuries as alleged, which is denied, that plaintiff has failed to mitigate his damages, and such failure operates to bar or mitigate the damages claimed by plaintiff herein.

<u>EIGHTH DEFENSE</u>

AND NOW FURTHER answering, Danos avers that if plaintiff sustained any injuries as alleged, which is denied, those injuries were caused in whole or in part by the ordinary and normal risks incident to his occupation and for which defendant is not liable.

<u>NINTH DEFENSE</u>

AND NOW FURTHER answering, Danos avers that if plaintiff sustained any injuries as alleged, which is denied, those injuries were caused in whole or in party by his own actions, misconduct, breach of employment duties, fault, neglect, or inattention to duty which operate to bar or mitigate any claim herein.

<u>TENTH DEFENSE</u>

AND NOW FURTHER answering, Danos avers that if plaintiff sustained any injuries as alleged, which is denied, those injuries were caused by pre-existing conditions, ailments or injuries for which defendant is in no way liable.

<u>ELEVENTH DEFENSE</u>

Plaintiff has not included claims against the owner/operator of the M/V EMELIE ROSE, a required party under Rule 19 of the Federal Rules of Civil Procedure.

TWELFTH DEFENSE

Danos reserves the right to supplement this answer with additional affirmative defenses as they are revealed through discovery.

WHEREFORE, the premises considered, Danos prays that this, its answer to the Second Amended Complaint of Terry Ausama be deemed good and sufficient, and that after due proceedings had, there be a judgment in its favor and against plaintiff, dismissing the Second Amended Complaint , at plaintiff's cost, and for all other general and equitable relief.

Respectfully submitted,

/s/ *Michael H. Bagot, Jr.*

_____
MICHAEL H. BAGOT, JR., T.A. (#01512520)
WAGNER, BAGOT & RAYER, LLP
601 Poydras Street, Suite 1660
New Orleans, Louisiana 70130
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
E-mail: mbagot@wb-lalaw.com
E-mail: bgelpi@wb-lalaw.com
Attorneys for Defendant, Danos, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the Court's Case Management Electronic Case Files' electronic filing system on this 29th day of October 2019.

/s/ *Michael H. Bagot, Jr.*

_____
MICHAEL H. BAGOT, JR.

G:\781-08\FW\PLDG\0001